FILED
John E. Triplett, Acting Clerk
United States District Court

*By STaylor at 8:56 am, May 28, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| STEVEN PRINCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HILTON HALL; RICKY STONE; WARDEN NILLIUS; MALCOLM JONES; CINDY L. SMITH; GREGORY DOZIER; and CAPTAIN SELF,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:19-cv-10 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

On August 25, 2018, while incarcerated in Coffee Correctional Facility ("CCF"), Plaintiff and another inmate were sleeping in the same bed. Doc. 1-1 at 2. Between approximately 1:00

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

and 2:00 A.M., prison staff discovered the two inmates sharing a bunk and contacted Defendant Self, the on-duty captain. Id. Plaintiff asserts the two men were fully clothed and had been talking and praying before falling asleep. Id. Defendant Self called the two inmates out into the hall and had them place their hands on the wall. Id. While Plaintiff and the other inmate were out in the hall, Defendant Self contacted Defendant Stone, an Assistant Warden at CCF. Id. Defendant Stone told Defendant Self to return the two men to their dorm, with instructions to sleep in separate beds. Id. After Defendant Self ended his call, he told Plaintiff, "[H]ere at Coffee Correctional we don't tolerate you homosexuals and your acts." Id. Plaintiff states that he "identifies openly of his sexual orientation—as being homosexual . . . ." Id.

On August 27, 2018, Defendant Jones told Plaintiff he would be transferred to a different dorm. Id. After receiving this news, Plaintiff asked to speak with his mental health counselor, Ms. Tomborlin. Id. At some point after this exchange, Plaintiff returned to his dorm and "cut himself vertically up his arm." Id. at 3. Plaintiff then repeatedly asked to see his mental health counselor, but his requests were denied by Defendant Jones. Id. Plaintiff was instead given medical attention, including staples to close up the wound on his arm. Id. After Plaintiff's medical condition was stabilized, he was placed in segregation. Id.

On September 3, 2018, Plaintiff was moved from segregation back to his original dorm. Id. On the same day, Plaintiff met with Defendant Stone and another prison official, where he communicated that he preferred to stay in his existing dorm. Id. On September 4, 2018, Defendant Jones transferred Plaintiff to segregation without reason. Id. Plaintiff alleges Defendant Jones "singles out" certain inmates based upon their sexual orientation or mental health status. Id. Plaintiff alleges a previous conflict with Defendant Jones, which occurred because he "stood up for" another inmate. Id. at 2. Plaintiff also alleges Defendant Jones filed a

false Prison Rape Elimination Act ("PREA") citation against him related to the August 25, 2018 shared bunk incident. Id. at 3.

Plaintiff names Hilton Hall, Ricky Stone, Assistant Warden Nillus, Malcolm Jones, Cindy Smith, Gregory Dozier, and Captain Self as Defendants in both their individual and official capacities. Doc. 1 at 2–4. For relief, Plaintiff seeks an injunction, transfer, compensatory damages, punitive damages, and court costs. Id. at 6–7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Supervisory Claims Against Defendants Hall, Stone, Nillius, Self, Dozier, and Smith**

Plaintiff brings claims against several Defendants in their supervisory capacities. Doc. 1-1 at 5–7. Defendants span the chain of command, and Plaintiff's claims against each Defendant are based upon the actions of Defendants directly below them.[2] Id. In § 1983 actions, however, liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Braddy, 133 F.3d at 802. Rather, in the Eleventh Circuit:

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (citing West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007)).

---

[2] Plaintiff sues Gregory Dozier, the Commissioner of the Georgia Department of Corrections ("GDOC"), for the actions of Defendants Smith and Hall. Doc. 1-1 at 5. Plaintiff sues Defendant Hall, Warden of CCF, for the actions of Defendants Stone, Nillius, Jones, and Self. Id. at 6. Plaintiff sues Defendants Stone and Nillius, Assistant Wardens at CCF, for the actions of Defendants Jones and Self. Id. Plaintiff sues Defendant Self, Officer-in-Charge at CCF, for the actions of Defendant Jones. Id. at 7.

4

Plaintiff asserts Defendants Hall, Stone, Nillius, Dozier, and Self are liable based on their supervisory positions at Coffee Correctional Facility, but Plaintiff does not allege Defendants Hall, Stone, Nillius, or Dozier had any personal involvement with the alleged violations of Plaintiff's rights.[3]  Doc. 1-1 at 2–7.  Additionally, Plaintiff fails to plead any facts that suggest a history of widespread abuse or that support an inference that Defendants directed or knowingly failed to prevent the acts of which Plaintiff complains.  Finally, though Plaintiff suggests Defendants either allowed or tacitly authorized the conduct of subordinates via "written and unwritten policies, customs, and . . . practices," doc. 1-1 at 5–7, he offers no facts in support of this conclusory allegation.  Accordingly, Plaintiff may not hold Defendants Hall, Stone, Dozier, Nillius, or Self liable for any rights violations allegedly committed by subordinates.  Jones v. Hall, 5:18-cv-46 (S.D. Ga. June 24, 2019), ECF No. 14.; Ford v. Perron, No. 5:11-cv-15, 2011 WL 6888541, at *3 (S.D. Ga. Oct. 18, 2011).

While Plaintiff sues other Defendants in their supervisory capacities based upon unlawful policies or customs, Plaintiff also sues these Defendants in their supervisory roles for failing to correct illegal actions.  Doc. 1-1 at 5–7.  Plaintiff claims Defendants Dozier, Hall, Stone, Nillius, and Smith failed to correct the allegedly illegal acts of other Defendants when they allowed harassment and discrimination to go uncorrected.  Id.  To establish a claim for failure to correct, an inmate must allege "specific facts" the defendant was "on notice of the widespread unconstitutional conduct" committed by subordinates and failed to act to correct this unconstitutional conduct.  Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008), *overruled on other grounds, as recognized by* Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  As noted, Plaintiff has not alleged widespread unconstitutional conduct or provided any specific facts that

---

[3]   Plaintiff brings claims against Defendant Self for direct actions taken, in addition to those claims brought against Defendant Self solely for his supervisory role.

5

these Defendants were on notice of any widespread unconstitutional conduct committed by subordinates.

Therefore, I **RECOMMEND** the Court **DISMISS** the claims against Defendants Hall, Stone, Nillius, Self, Dozier, and Smith based upon their supervisory positions.

## II.   Equal Protection Claim

Plaintiff asserts he was discriminated against based upon his sexual orientation or mental health status.[4]  Doc. 1-1 at 3.  To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the government engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.  Sweet v. Sec'y. Dep't of Corrs., 467 F.3d 1311, 1318–19 (11th Cir. 2006).  The equal protection clause prohibits only intentional discrimination.  Iqbal, 556 U.S. at 676.  It appears Plaintiff is aggrieved that he was punished for sharing a bed with another inmate, and this punishment is based upon his sexual orientation.  See Doc. 1-1 at 2–4.  Plaintiff fails to allege he is similarly situated with other inmates who receive more favorable treatment.  Plaintiff's allegations are insufficient to state a viable equal protection claim.  Mehmood v. Guerra S.D.D.O, No. , 2018 WL 9812061, at *6 (S.D. Fla. June 27, 2018), *aff'd sub nom.,* Mehmood v. Castano, 783 F. App'x 934, 937–38 (11th Cir. 2019).  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for equal protection.

## III.   Plaintiff's Claims Against Defendant Jones

Plaintiff alleges Defendant Jones harasses and "singles-out" certain inmates based upon their sexual orientation.  Doc. 1-1 at 2–3.  Plaintiff also alleges Defendant Jones transferred

---

[4]   Plaintiff does not say who specifically discriminated against him and states only that this practice "runs prevalently through CCF from the Warden to the unit staff."  Doc. 1-1 at 3.

6

Plaintiff without reason, refused to allow Plaintiff access to his mental health counselor, and filed a false PREA claim against Plaintiff. Id. at 2–4.

Prison officials are afforded wide discretion in making housing assignments. See Meachum v. Fano, 427 U.S. 215, 228 (1976) ("[P]rison officials have discretion to transfer [an inmate] for whatever reason or for no reason at all."). Plaintiff simply asserts that he was transferred to a different housing unit, which, without more, does not implicate his constitutional rights. See Sandin v. Conner, 515 U.S. 472, 484–88 (1995) (explaining a due process violation may occur when the conditions an inmate is transferred into are especially harsh or may affect the duration of his sentence).

Plaintiff states he repeatedly requested to see his mental health counselor, but his requests were denied by Defendant Jones. Doc. 1-1 at 3. However, Plaintiff made these requests after apparently attempting to commit suicide by slicing his wrist. Id. It appears from Plaintiff's Complaint that his request to see his mental health counselor was refused so he could be provided medical attention for his cut. Id. Considering ordinary disagreements over the course of medical treatment do not rise to the level of a constitutional violation, Melton v. Abston, 841 F.3d 1207, 1224 (11th Cir. 2016), there is certainly no constitutional violation where an inmate was provided lifesaving medical treatment over his request to see his mental health counselor.

Plaintiff alleges he once "stood up for" another homosexual inmate, prompting harassment and discrimination from Defendant Jones. Doc. 1-1 at 3. Further, Plaintiff alleges a pattern of discrimination and harassment committed by Defendant Jones who "singles out" homosexual inmates and those with a mental health condition. Id. at 3–4. Plaintiff fails to allege any specific act of harrassment other than his own transfer. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not sufficient to bring a cause of

7

action.  Iqbal, 556 U.S. at 678.  The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegation," but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (citing Twombly, 550 U.S. at 544).  Here, Plaintiff has provided only conclusory allegations that Defendant Jones has committed a pattern of harassment and discrimination.[5]

Finally, Plaintiff alleges Defendant Jones filed a false PREA claim against him.  Doc. 1-1 at 4.  A claim that a disciplinary charge was false, standing alone, does not state a claim upon which relief may be granted.  See Lasater v. Herrera, 729 F. App'x 362, 362–63 (5th Cir. 2018) (allegation of a false disciplinary report failed to state a claim, and due process was not implicated where plaintiff lost prison privileges); Harris v. Smith, 482 F. App'x 929, 930 (5th Cir. 2012) (same).  Here, Plaintiff fails to include any facts related to the PREA citation aside from the fact that it is "false."  Doc. 1-1 at 4.  Plaintiff does not say why the allegation is false or what Defendant Jones "falsely" claims he did.  Plaintiff does not state the outcome of the citation, whether it caused his conditions of confinement to change, or what process was extended in his disciplinary proceedings.  For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the claims against Defendant Jones.

### IV.     Plaintiff's Claims Against Defendant Self

Plaintiff alleges, after the bed-sharing incident, Defendant Self said, "[H]ere at Coffee Correctional we don't tolerate you homosexuals or your acts."  Id. at 2.  Threats and verbal abuse alone, no matter how repugnant or unprofessional, do rise to the level of a constitutional

---

[5]     To the extent Plaintiff makes a claim for retaliation based upon him allegedly standing up for himself, this claim should be dismissed.  The Eleventh Circuit has adopted a three-part test for determining whether a plaintiff has an actionable First Amendment retaliation claim.  Bennett v. Hendrix, 423 F.3d 1247, 1250–51 (11th Cir. 2005).  The first part of the test requires a plaintiff to establish that his speech or act was constitutionally protected.  Id. at 1250.  Insubordinate remarks are not constitutionally protected free speech.  Smith v. Mosley, 532 F.3d 1270, 1277 (11th Cir. 2008).

violation. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (finding threats and verbal abuse insufficient to state a constitutional claim); Ayala v. Terhune, 195 F. App'x 87, 92 (3d Cir. 2006) ("Allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]n inmate being subjected to nothing more than threats and verbal taunts does not violate the Eighth Amendment[.]"). While Defendant Self's comments, if true, are offensive, without more they do not represent a constitutional violation. Accordingly, I **RECOMMEND** the Court **DISMISS** the claims against Defendant Self.

V.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka,

9

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA